*Compiler*

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 AUG -8 PM 2: 32

CLERK OF COURT
BY___

MICHAEL W. KENNEDY, )
         )  **CIVIL CASE NO. CV0499-02**
    Plaintiff, )
         )
         )  **DECISION AND ORDER**
  vs. )
         )
GENTLECARE DENTAL ASSOCIATES, )
P.C. and HUGH SULE, )
         )
    Defendants. )
_____)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff's motion in limine to strike witnesses, filed December 28, 2012; Defendants' motion in limine to preclude damages, filed December 31, 2012; Defendants' motion in limine to permit videoconference testimony, filed January 25, 2013; Defendants' motion in limine to exclude evidence of disciplinary action, filed January 25, 2013; and Plaintiff's motion in limine to exclude evidence of cocaine use, filed January 28, 2013. Oral arguments were heard on June 12, 2013. Attorney Robert L. Keogh represented Plaintiff and Attorney Mitchell F. Thompson appeared on behalf of Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this dental malpractice action, Plaintiff alleges that Defendant Hugh Sule affixed several dental implants in a negligent manner. On December 28, 2012, Plaintiff moved to strike six (6) lay witnesses and one chiropractic expert witness on the grounds that their opinions are irrelevant. Defendants assert that the lay witnesses are necessary to rebut evidence of professional incompetence and that a chiropractor is relevant to explain Plaintiff's alleged bruxism condition.

On December 31, 2012, Defendants moved to preclude any request or award of economic damages that were not specified in the initial disclosures of discovery pursuant to

Guam R. Civ. P. 26(a)(1)(C). Plaintiff argues that the full amount of damages was specified in the complaint and in supplemental disclosures received by Defendants.

On January 25, 2013, Defendants moved to permit videoconference testimony pursuant to Guam R. Civ. P. 43(a) and the unavailability of material witnesses in Guam. Plaintiff argues that appropriate safeguards must be enforced and further requests videoconference testimony for his witnesses who are unavailable in Guam.

On January 25, 2013, Defendants moved to exclude evidence of professional disciplinary action against Hugh Sule on the grounds that it is irrelevant and otherwise inadmissible under Guam R. Evid. 403. Plaintiff contends that the discipline is probative of truthfulness because it concerns the employment of unregistered assistants and the failure to disclose a malpractice claim during license renewal. The disciplinary action over license renewal disclosures is allegedly pending.

On January 28, 2013, Plaintiff moved to exclude evidence of his cocaine use as irrelevant and highly prejudicial. Defendants argue that the evidence of cocaine use is relevant to rebut Plaintiff's theory of continuing treatment against the statute of limitations defense.

## DISCUSSION

**1. Motion to Strike Witnesses**

Under Guam law, evidence must generally be relevant. *See* Guam R. Evid. 401 and 402. Expert testimony is relevant whenever it, "will assist the trier of fact to understand the evidence or to determine a fact in issue." Guam R. Evid. 702. In addition, expert testimony must be reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999) (interpreting identical Fed. R. Evid. 702). *See also People v. Roten*, 2012 Guam ¶ 16 (federal interpretation is persuasive authority).

In order to determine if expert testimony is reliable, the court must examine: 1) whether the theory or technique is knowledge that will assist the trier of fact and whether it can be and has been tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error; 4) the degree of acceptance of the method or technique within the relevant scientific community; and 5) the principles and methodology of

the research but not its results. *Rutledge v. U.S.*, Crim. No. 06-00008, 2008 WL 2781192 (D. Guam 2008) (*quoting Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-595, 113 S.Ct. 2786 (1993)).

In this case, Plaintiff moves to strike six (6) lay witnesses and one expert witness on the grounds of irrelevance. Regarding the lay opinions, Defendants argue that the lay witness opinions tend to show that Defendant Hugh Sule is not professionally incompetent and are therefore necessary to rebut Plaintiff's claims of incompetence. On this basis, the lay opinions are not irrelevant and the motion shall be denied. Regarding the expert opinion, the Court has not received materials in order to determine the relevance and reliability of Defendants' chiropractic expert witness pursuant to *Daubert* and its progeny. For this reason, the motion to strike shall be held in abeyance and the expert witness shall not testify until the Court is able to determine the relevance and reliability of the evidence.

**2. Motion to Preclude Evidence of Damages**

Under Guam law, a party must disclose any computation of damages and the evidence upon which such computation is based, "including materials bearing on the nature and extent of injuries suffered." Guam R. Civ. P. 26(a)(1)(C). The failure to disclose this evidence may result in its exclusion from trial. Guam R. Civ. P. 37(c)(1).

In this case, Defendants move to exclude any specific evidence of non-economic damages that Plaintiff did not disclose. Plaintiff argues that it has disclosed evidence related to non-economic damages. Pursuant to Guam R. Civ. P. 26(a)(1)(C), the Court shall exclude any materials bearing on the nature and extent of injuries suffered or other computations of damages that were not previously disclosed to Defendants, and the motion is granted to that extent.

**3. Motion for Videoconference Testimony**

Pursuant to Guam R. Civ. P. 43(a), "[t]he court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." In this case, the Court finds good cause to allow unavailable material witnesses to be examined with the Skype video calling service or another comparable service over the internet. This type of service enables

contemporaneous transmission of two-way video from different locations so that exhibits may be used or verified in examination and the behavior and demeanor of a witness may be observed during testimony. For these reasons, the motion shall be granted.

**4. Motion to Exclude Evidence of Disciplinary Action**

Under Guam law, the court has the discretion to allow inquiries on cross-examination into specific instances of the conduct of a witness that are probative of the witness' character for truthfulness or untruthfulness. Guam R. Evid. 608(b).

In this case, Defendants move to exclude evidence of two disciplinary actions against Defendant Hugh Sule. One disciplinary action is allegedly pending and this evidence is not probative of untruthfulness until the discipline is final and accurate. *See U.S. v. Rios Ruiz*, 579 F.2d 670, 674 (1st Cir. 1978) (One policy reason for Rule 608(b) is to avoid, "fact-finding detours to determine whether allegations of prior misconduct on the part of the witness are accurate."). For this reason, the Court shall not allow inquiry into the pending disciplinary action and Defendant's motion is granted to that extent.

A second administrative action allegedly disciplined Defendant Hugh Sule for employing an unregistered dental assistant. This discipline may be probative of untruthfulness if Defendant acted with the knowledge or intent to deceive the registration and licensing authorities. On this basis, the Court shall permit inquiry on cross-examination into the closed disciplinary case without the use of extrinsic evidence and Defendant's motion is denied to that extent.

**5. Motion to Exclude Evidence of Cocaine Use**

Under Guam law, "[b]ecause there is a general concern that evidence that a witness who has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony, cross-examination regarding a witness' drug use has been limited to impeachment of the witness' perception and memory." *People v. Santos*, 2003 Guam 1 ¶ 33 (*quoting U.S. v. Neely*, 980 F.2d 1074, 1081 (7th Cir. 1992)).

In this case, Plaintiff moves to exclude evidence of his prior cocaine use that is alleged to have occurred years before his dental treatment and the other events at issue. Defendants

argue that Plaintiff's revelation of his prior cocaine use is relevant to prove when Defendant Hugh Sule refused to continue treatment and terminated the patient relationship. However, the limited probative value of this evidence is substantially outweighed by the undue prejudice that drug use may excessively discount Plaintiff's testimony. *See* Guam R. Evid. 403. Furthermore, the use of cocaine years before the events at issue is not probative of Plaintiff's perception and memory of those events and again is substantially outweighed by the undue prejudice that drug use may excessively discount his testimony. For these reasons, Plaintiff's motion to exclude evidence of cocaine use shall be granted.

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to strike lay witnesses is hereby DENIED; Plaintiff's motion to strike expert witness is held in abeyance; Defendants' motion to preclude evidence of damages is hereby GRANTED; Defendants' motion for videoconference testimony is hereby GRANTED; Defendants' motion to exclude evidence of disciplinary action is hereby GRANTED in part and DENIED in part; and Plaintiff's motion to exclude evidence of cocaine use is hereby GRANTED.

SO ORDERED this ___8TH___ day of August, 2013.

HON. JAMES L. CANTO II
**Judge, Superior Court of Guam**

Jo hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 0 8 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam